# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **JOSE LUIS HERNANDEZ and** | § | |
| **MONICA HERNANDEZ,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:22-cv-14** |
| | § | |
| **INTERSTATE INTRINSIC VALUE** | § | |
| **FUND A, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332(a) and 1441, Defendant Interstate Intrinsic Value Fund A, LLC ("Interstate") removes this action from the County Court at Law No. 6, El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division, and in support thereof would show unto the Court the following:

### I.      STATE COURT ACTION

1.      On November 12, 2021, Plaintiffs Jose Luis Hernandez and Monica Hernandez ("Plaintiffs") filed their Original Petition for Declaratory Judgment (the "Complaint"), *Jose Luis Hernandez and Monica Hernandez v. Interstate Intrinsic Value Fund A, LLC*; Cause No. 2021DCV3997, in the County Court at Law No. 6 of El Paso County, Texas.

2.      Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the County Court at Law No. 6 of El Paso County, Texas, and a copy of this Notice of Removal will also be served on all parties.

3.      In the State Court Action, Plaintiff alleges causes of action centered around the foreclosure of the real property commonly known as 12189 April Ruth Way, El Paso, Texas 79936 (the "Property"). Plaintiff seeks declaratory judgment and to quiet title.

4.      Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the County Court at Law No. 6 of El Paso County, Texas and obtained by Defendants are attached hereto. In support of this removal, please find attached as follows:

**Exhibit A:**     Civil Cover Sheet;

**Exhibit B:**     Supplement to Civil Cover Sheet;

**Exhibit C:**     State Court Docket Sheet;

**Exhibit D:**     State Court File; and

**Exhibit E:**     El Paso County Appraisal District Record.

## II.      TIMELINE FOR NOTICE OF REMOVAL

5.      Defendant was served, by serving the Secretary of State, on December 9, 2021. Less than thirty (30) days have passed since Defendant received notice of this lawsuit, and thus, removal is timely. 28 U.S.C. §1446(b)(1).

## III.      BASIS FOR REMOVAL: DIVERSITY JURISDICTION

6.      The Court has original jurisdiction over this action pursuant to §§1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.

### a.      Diversity of Citizenship

7.       Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

8.     This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that every defendant is diverse from Plaintiffs.

9.     Pursuant to Plaintiffs' Complaint, Plaintiffs are citizens of El Paso, El Paso County, Texas.

10.     Defendant Interstate Intrinsic Value Fund A, LLC is a Delaware limited liability company with its headquarters in California. For diversity purposes, the citizenship of a limited liability company depends on the citizenship of all its members. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Interstate Intrinsic Value Fund A, LLC has two members, both individuals, who are citizens of the State of California. Based on the foregoing, Interstate Intrinsic Value Fund A, LLC is a citizen of Delaware and California for diversity purposes.

11.     Plaintiffs are citizens of the State of Texas and Defendant Interstate Intrinsic Value Fund A, LLC is a citizen of Delaware and California, accordingly this lawsuit is between citizens of different states and complete diversity exists among the parties. See 28 U.S.C. §1332(a)(1).

**b.     Amount in Controversy Exceeds $75,000.**

12.     Although Plaintiff's Complaint does not specifically allege the amount in controversy, it is clear from review of Complaint and the evidence attached hereto that the amount in controversy exceeds $75,000.

13.     The Complaint seeks injunctive relief preventing Defendants from foreclosing on the Property and damages related to the foreclosure on the Property. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the

litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D. Tex. 2010); *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)).

14.     The Fifth Circuit has continually held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Farkas v. GMAC Mortg., L.L.C.,* 737 F.3d 338 (5th Cir. 2013); *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir. 2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

15.     The most recent tax appraisal for the Property valued it at $127,700.[1] This alone satisfies the $75,000 requirement. See *Griffin v. HSBC Bank*, 2010 WL 4781297 at *3 (N.D. Tex. Nov. 24, 2010)(considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly,

---

[1] *See* Exhibit E, El Paso County Appraisal District valuation for the Property for 2021.

considering the value of the Property and Plaintiff's Complaint, it is apparent on the face of Plaintiff's Complaint that the amount in controversy exceeds $75,000.

## IV.    VENUE

16.     Venue for this Removal is proper in the United States District Court for the Western District of Texas, El Paso Division, because this district and division includes El Paso County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a); 28 U.S.C. §124(d)(1).

## V.    CONCLUSION

WHEREFORE Defendant Interstate Intrinsic Value Fund A, LLC removes this action from the County Court at Law No. 6, El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

By:     /s/ *Shelley L. Hopkins*
        Shelley L. Hopkins
        State Bar No. 24036497
        HOPKINS LAW, PLLC
        3 Lakeway Centre Ct., Suite 110
        Austin, Texas 78734
        (512) 600-4320
        BARRETT DAFFIN FRAPPIER
        TURNER & ENGEL, LLP - *Of Counsel*
        ShelleyH@bdfgroup.com
        shelley@hopkinslawtexas.com

        Robert D. Forster, II
        State Bar No. 24048470
        Crystal G. Gibson
        State Bar No. 24027322
        BARRETT DAFFIN FRAPPIER
        TURNER & ENGEL, LLP
        4004 Belt Line Road, Ste. 100

Addison, Texas 75001
(972) 386-5040
(972) 341-0734 (Facsimile)
RobertFO@bdfgroup.com
CrystalR@bdfgroup.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Civil Procedure, the foregoing has been filed with the Court via CM/ECF and I certify that a true and correct copy of the foregoing has been sent on this the 5th day of January 2022 to all parties of record.

*VIA ECF*:
Mark T. Davis
Bruce Lee Gomez
1554 Lomaland
El Paso, Texas 79935
attorneymdavis@yahoo.com
**ATTORNEYS FOR PLAINTIFFS**

*/s/ Shelley L. Hopkins*
Shelley L. Hopkins