UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSE LUIS HERNANDEZ and MONICA HERNANDEZ, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | EP-22-CV-00014-FM |
| INTERSTATE INTRINSIC VALUE FUND A, LLC, | § § § | |
| Defendant. | § § | |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Before the court is "Defendant Interstate Intrinsic Value Fund A, LLC's Motion for Summary Judgment" ("Motion") [ECF No. 11], filed June 29, 2022, by Interstate Intrinsic Value Fund A, LLC ("Defendant"), in which Defendant moves for summary judgment against Jose Luis Hernandez and Monica Hernandez ("Plaintiffs") pursuant to Federal Rule of Civil Procedure ("Rule") 56.[1]  Upon due consideration of the Motion and applicable law, the Motion is **GRANTED**.

## I.   BACKGROUND

### A. Factual and Procedural Background

In June 2006, Plaintiffs took out a loan for $50,899.93, secured with a deed of trust lien on their home.[2]  Defendant is the loan holder.[3]  According to Defendant's unopposed motion for

---

[1] "Defendant Interstate Intrinsic Value Fund A, LLC's Motion for Summary Judgment" ("Mot.") 1, ECF No. 11, filed June 29, 2022.

[2] "Jose Luis Hernandez and Monica Hernandez Amended Complaint" ("Am. Compl.") 2, ECF No. 6, filed Feb. 24, 2022.

[3] Id.

summary judgment, Plaintiffs defaulted on this loan sometime prior to August 2011; as a result, the loan obligation was accelerated in December 2013 pursuant to the terms of the lien.[4]  In June 2016, Defendant obtained a Judicial Foreclosure Judgment.[5]

In November 2021, Plaintiffs filed a petition in state court for declaratory judgment, seeking to have Defendant's lien declared void and to quite title.[6]  Defendant subsequently removed this action pursuant to 28 United States Code ("U.S.C.") §§ 1332(a), 1441, 1446.[7]  Plaintiffs resubmitted their petition as an amended complaint and Defendant filed an answer shortly thereafter.[8]

### B. Parties' Arguments

According to Plaintiffs, Defendant's foreclosure claim is barred by the statute of limitations since it failed to exercise its right to sell within four years of accelerating the loan obligation.[9]  As a result, Plaintiffs contend, Defendant's lien is void.[10]  Moreover, Plaintiff would have this court quiet title based on Defendant's allegedly unenforceable claim.[11]

---

[4] Mot. at 3–4 ¶¶ 5, 7.

[5] Am. Compl. at 2 ¶ 8.

[6] "Jose Luis Hernandez and Monica Hernandez Original Petition for Declaratory Judgment," ECF No. 1-4, filed Nov. 12, 2021.

[7] "Defendant's Notice of Removal" 1, ECF No. 1, filed Jan. 5, 2022.

[8] *See* Am. Compl.; "Defendant Interstate Intrinsic Value Fund A, LLC's Answer" ("Answer") 2, ECF No. 9, filed Mar. 9, 2022.

[9] Am. Compl. at 3 ¶¶ 14–17 (citing TEX. CIV. PRAC. & REM. CODE §§ 37.004, 16.035(a); *Swoboda v. Ocwen Loan Servicing, LLC*, 579 S.W.3d 628, 632 (Tex. App. 2019)).

[10] *Id.* at 3 ¶ 16 (citing TEX. CIV. PRAC. & REM. CODE § 16.035(d)).

[11] *Id.* at 3–4 ¶¶ 19–21.

Defendant, however, asserts Plaintiffs are simply confusing sections of the Texas Civil Practice and Remedies Code, misapplying the four-year limitation for *suing* to foreclose rather than applying the ten-year limitation for *executing* a subsequent foreclosure judgment.[12] Therefore, Defendant argues, since ten years have not passed since it obtained a foreclosure judgment, its claim is still valid.[13] Additionally, Defendant contends that Plaintiffs' quiet title claim fails because it does not "allege any facts establishing the superiority of [their] title as compared to the lien interest held by [Defendant]."[14]

## II.   LEGAL STANDARD

Summary judgment is proper where the pleadings, discovery, and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] A dispute over a material fact is genuine "when there is evidence sufficient for a rational trier of fact to find for the non-moving party."[16]

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits demonstrating the absence of a genuine issue of material fact.[17] In considering the evidence, the court will "view all facts in the light most favorable to the non-moving party" and draw all factual inferences in the nonmovant's favor.[18] If

---

[12] Mot. at 6 ¶¶ 13–14 (comparing TEX. CIV. PRAC. & REM. CODE §§ 34.001 and 16.035).

[13] *Id.* at 6 ¶ 13.

[14] *Id.* at 8 ¶ 17.

[15] FED. R. CIV. P. 56(a).

[16] *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 323 (5th Cir. 2002) (citation omitted).

[17] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[18] *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 582 (5th Cir. 2006) (per curiam) (citation omitted).

the moving party cannot demonstrate the absence of a genuine issue of material fact, summary judgment is inappropriate.[19]

Once the moving party has met its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.[20]  The nonmoving party's burden is not satisfied with "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[21]  The court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[22]  Additionally, if the nonmovant does not file a response to a motion for summary judgment within two weeks, the court may construe the motion as unopposed and grant summary judgment.[23]

## III.   **DISCUSSION**

### A. *Statutes of Limitations*

Under Texas law, for a lender to foreclose on a real property lien, they must bring suit within "four years after the day the cause of action accrues."[24]  If they do not, both the lien and the lender's power to enforce it are void.[25]  One way a foreclosure action may accrue is by the

---

[19] *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

[20] *Celotex*, 477 U.S. at 324 (internal quotation marks and citation omitted).

[21] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (internal quotation marks and citations omitted).

[22] *Id.* at 1075 (emphasis removed).

[23] Local Rule CV-7.

[24] TEX. CIV. PRAC. & REM. CODE § 16.035(a).

[25] *Id.* § 16.035(d).

lender accelerating the borrower's obligation under the loan.[26]  Once a lender has obtained a foreclosure judgment, they must bring a writ of execution within ten years.[27]

Here, Defendant asserts—and Plaintiff does not dispute—that it accelerated Plaintiffs' loan obligation in December 2013, at which point Defendant had four years to secure a foreclosure judgment.[28]  Defendant subsequently obtained a judgment in June 2016.[29]  At that point the four-year pre-judgment statute of limitations period was replaced with the ten-year post-judgment deadline.  Defendant is well within the allotted time to execute its foreclosure.

*B. Quiet Title*

To quiet title, "the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable."[30]  A plaintiff must prove "superior title as an element of his claim"[31] and note merely "the weakness of his adversary's title."[32]

Plaintiffs have not demonstrated why Defendant's interest is invalid or unenforceable or why their interest is superior: Defendant has obtained a valid foreclosure judgment and the deadline to execute that judgment has not passed.  Accordingly, Plaintiffs' claim to quiet title fails.

---

[26] *Swoboda*, 579 S.W.3d at 632.

[27] TEX. CIV. PRAC. & REM. CODE § 34.001(a).

[28] Mot. at 3–4 ¶¶ 5, 7.

[29] Am. Compl. at 2 ¶ 8.

[30] *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App. 2012).

[31] *Frick*, 45 S.W.3d at 327.

[32] *Coleman v. Bank of New York Mellon*, 969 F.Supp.2d 736, 752 (citing *Frick v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. 2001)).

C. *Motion for Summary Judgment*

After drawing all factual inferences in Plaintiffs' favor, Defendant nonetheless established there is "no genuine dispute as to any material fact."[33]  In response, Plaintiffs were required to go beyond the pleadings and set forth specific facts raising a genuine issue for trial.[34]  Yet they failed to respond at all to Defendant's motion for summary judgment.  The court, therefore, shall construe the motion as unopposed.[35]  Defendant is entitled to judgment as a matter of law.

## IV.   CONCLUSION

Accordingly, it is **HEREBY ORDERED** that "Defendant Interstate Intrinsic Value Fund A, LLC's Motion for Summary Judgment" [ECF No. 11] is **GRANTED**.

**SIGNED AND ENTERED** this _10_ day of **August 2022.**

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

---

[33] FED. R. CIV. P. 56(a).

[34] *See Celotex*, 477 U.S. at 324 (internal quotation marks and citation omitted).

[35] *See* Local Rule CV-7.